IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| JAYMIE CLAXTON AND BERNETTE SKIPPER, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| THE CITY OF CHICAGO, ILLINOIS AND UNKNOWN CHICAGO POLICE OFFICERS, | ) ) ) ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES Plaintiffs, JAYMIE CLAXTON and BERNETTE SKIPPER, by and through their attorneys, LOEVY & LOEVY, and complaining of Defendants, THE CITY OF CHICAGO, ILLINOIS and UNKNOWN CHICAGO POLICE OFFICERS (collectively "Defendant Officers"), states as follows:

### Introduction

1.     On October 3, 2014, Plaintiffs Jaymie Claxton and Bernette Skipper were violently beaten and insulted by Chicago police officers without any justifiable provocation. The beating caused injury to both Plaintiffs, and caused Plaintiff Jaymie Claxton to be hospitalized with severe head injuries.

2.     This injury sustained by Plaintiff Jaymie Claxton to his forehead, cheek, and eye as result of this misconduct are accurately depicted in the following photographs:

 

3.      Plaintiffs now bring this action pursuant to 42 U.S.C. Section 1983 to redress the

deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution.

**Jurisdiction and Venue**

4.      This Court has jurisdiction of the action pursuant to 28 U.S.C. Sections 1331 and

1367.

5.      Venue is proper under 28 U.S.C. Section 1391(b). On information and belief, all

parties reside in this judicial district, and the events giving rise to the claims asserted herein all

occurred within this district.

**The Parties**

6.      Plaintiffs Jaymie Claxton and his wife Bernette Skipper, at all relevant times

hereto, resided in Chicago, Illinois.

7.      The Defendant Officers are Chicago Police Officers who were involved in the

detention and beating of Plaintiffs on or about October 3, 2014.

8.      At all relevant  times hereto, the Defendant Officers were acting under color of

law and within the scope of the employment.

9.      Defendant City of Chicago is a political subdivision of the state of Illinois and is

the employer of each of the Defendant Officers. The City of Chicago is responsible for the acts

of the Defendant Officers while employed by the City of Chicago and acting within the scope of

that employment.

**Factual Background**

10.      Plaintiff Jaymie Claxton has long worked in a security role for a construction

company where he was instructed to reside and generally keep watch over buildings that were

under construction.  On October 3, 2014 the Plaintiffs, Mr. Claxton and his wife Bernette

Skipper, were walking from their daughter's house around the corner to a building under

construction where Mr. Claxton was working security. Mr. Claxton and his wife had the security

code for the building and were expected by his employer to reside at the building. In short, they

had every right to be there.

11.      As Plaintiffs were nearing the building, the Defendant Officers, two uniformed

Chicago Police Officers, in a marked squad car drove up onto the curb of the sidewalk where

Plaintiffs were walking, cutting them off and preventing them from walking any further.

12.     The Defendant Officers ordered Plaintiff Jaymie Claxton over to their squad car and instructed him to put his hands on the hood of the car and to show them his identification. Mr. Claxton complied. One of the Defendant Officers then began to handcuff Mr. Claxton. At that point, Mr. Claxton asked the officer why he was being arrested. With no other provocation aside from his valid question, the officer responded to his question with a racial invective that involved the N-word.

13.     While Mr. Claxton was being arrested, one of the Defendant Officers stayed near Plaintiff Bernadette Skipper on the sidewalk. She asked the officer why her husband was being arrested, but the officer did not answer her question and instead told her words to the effect of, "get your crack head ass away." Ms. Skipper then walked away from the squad car, but the officer followed her. When Ms. Skipper attempted to enter the construction building, where she had every right to be, the officer hit her with a flashlight, or similar object, causing her to fall to the ground and suffer pain and injury.

14.     Meanwhile, the officer who had handcuffed Mr. Claxton then put him into the back of the squad car, headfirst. As he struggled into a seated position, both officers got in the car and drove around the corner to an alley. Using words to the effect of "you've got a smart mouth," one or both of the Defendant Officers proceeded to use a ruler-length wooden baton, or similar object, to hit him about the head until he was rendered unconscious.

15.     Mr. Claxton next awoke with one hand cuffed to the wall in a police station holding cell. He made a request to see a doctor and was taken to Advocate Trinity Hospital where he was treated for severe head injuries and abrasions. While at the hospital, Defendant Officers stayed in or near his room in a threatening manner.

16.     Mr. Claxton was released from custody from the hospital with a municipal ticket issued by the officers for drinking alcohol on a public sidewalk. The municipal ticket carried with it only a small fine, but in exchange both Plaintiffs suffered uncalled for pain and injury.

**Legal Claims**

**Count I- 42 U.S.C. §1983**
**Excessive Force**

17.     Each paragraph of this Complaint is incorporated herein.

18.     As described above, the conduct of one or more of the Defendant Officers constituted excessive force against Plaintiffs in violation of the United States Constitution.

19.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally and with willful indifference to Plaintiffs' constitutional rights.

20.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

21.     As a result of the Defendant Officers' unjustified and excessive use of force, Plaintiff suffered pain and injury, including emotional distress.

22.     Plaintiff's injuries were proximately caused by the Defendant City of Chicago's policy, practice, and custom of failing to train, supervise and control its police officers. Defendant Officers' misconduct was undertaken pursuant to the policy, practice, and custom of the City of Chicago in that:

    a.  As a matter of both policy and practice, the City of Chicago directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference.

5

b.  As a matter of both policy and practice, the City of Chicago facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago police officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiffs.

c.  Generally, as a matter of widespread practice so prevalent as to compromise municipal policy, officers of the City of Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiffs in this Count on a frequent basis, yet the City of Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d.  Municipal policy makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which officers fail to report, or actively conceal, misconduct committed by other officers, such as the misconduct at issue in this case.

e.  The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

### Count II- 42 U.S.C. §1983
### Conspiracy

23.  Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

24.  The Defendant Officers reached an agreement amongst themselves to unlawfully detain and deprive Plaintiff of his constitutional rights, all as described in the various paragraphs of this Complaint.

25.     In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in the joint activity.

26.     As a direct and proximate result of the illicit prior agreement referenced above, Plaintiffs rights were violated and they suffered injury, including but not limited to emotional distress.

27.     The misconduct described in this Court was undertaken with malice, willfulness, and reckless inference to the rights of others.

28.     As a result of the Defendant Officers' misconduct, Plaintiffs suffered pain and injury, including emotional distress.

## Count III – 42 U.S.C. §1983
## Failure to Intervene

29.     Each of the paragraphs of this Complaint is incorporated herein.

30.     As described more fully above, the Defendant Officers had a reasonable opportunity to prevent the violation of Plaintiff's constitutional rights as set forth had they been so inclined, but they failed to do so.

31.     Defendant Officers' actions were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

32.     As a result of Defendant Officers' failure to intervene, Plaintiff suffered pain and injury, including emotional distress.

## Count IV – State Law Claim
## Assault and Battery

33.     Each paragraph of this Complaint is incorporated herein.

34.     In the manner described above, the conduct of Defendant Officers, acting under color of law and within the scope of their employment, constituted unjustified and offensive

physical contact, undertaken willfully and wantonly, proximately causing Plaintiffs' bodily injuries.

35.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs' constitutional rights.

36.      The misconduct described in this Count was undertaken with malice, willfulness and reckless indifference to the rights of others.

37.     As a result of the offensive touching, undertaken pursuant to the City's policy and practice as described above, Plaintiffs sustained bodily and other injuries, including but not limited to a reasonable apprehension of great bodily harm.

### Count V – State Law Claim
### Conspiracy

38.     Each paragraph of this Complaint is incorporated herein.

39.     In the manner described above, the Defendant Officers, acting in concert, reached an agreement among themselves to protect one another from liability for depriving Plaintiffs of their constitutional rights.

40.     In furtherance of their conspiracy, each of these co-conspirators committed overt acts and were otherwise willful participants in the joint activity.

41.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice, and with reckless indifference to the rights of others.

42.     As a result of Defendant Officers' misconduct described in this Count, undertaken pursuant to the City's policy and practice as described above, Plaintiffs suffered injury, including emotional harm.

**Count VI- State Law Claim**
**Illinois Hate Crime**

43.     Each paragraph of this Complaint is incorporated herein.

44.     In a manner described more fully above, the Defendant Officers committed an assault and battery against the Plaintiffs in that:

   a. the conduct of the Defendant Officers, acting under color of law and within the scope of their employment, constituted unjustified and offensive physical contact, undertaken willfully and wantonly, proximately causing Plaintiffs' bodily injuries;

   b. the misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs' constitutional rights;

   c. The misconduct described in this Count was undertaken with malice, willfulness and reckless indifference to the rights of others;

45.     The assault and battery was committed by reason of the Defendant Officers' hatred towards the Plaintiffs' race, regardless of the existence of any other motivating factor or factors.

46.     As a result of the Defendant Officers' conduct, the Plaintiffs suffered injury, including but not limited to emotional distress.

**Count VII – State Law Claim**
**Intentional Infliction of Emotional Distress**

47.     Each of the Paragraphs of this Complaint is incorporated herein.

48.     The actions, omissions, and conduct of the Defendant Officers as set forth above were extreme and outrageous. These actions were rooted in an abuse of power and authority and

were undertaken with the intent to cause, or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to Plaintiff, as is more fully alleged above.

49.     As a direct and proximate result of the Defendant Officers' actions, Plaintiff suffered injury, including emotional distress.

### Count VIII – State Law Claim
### Respondeat Superior

50.     Each Paragraph of this Complaint is incorporated herein.

51.     In committing the acts alleged in the preceding paragraphs, the Defendant Officers were members and agents of the Chicago Police Depart acting at all relevant times within the scope of the employment.

52.     Defendant City of Chicago is liable as principal for all torts committed by its agents.

### Count IX – State Law Claim
### Indemnification

53.     Each Paragraph of this Complaint is incorporated herein.

54.     Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

55.     The Defendant Officers are or were employees of the Chicago Police Department who acted within the scope of their employment in committing the misconduct described above.

WHEREFORE, Plaintiffs Jaymie Claxton and Bernette Skipper respectfully request that this Court enter judgment in their favor and against Defendant City of Chicago and the Defendant Officers, awarding compensatory damages and attorneys' fees, along with punitive damages against the Defendant Officers in their individual capacities, and any other relief this Court deems just and appropriate.

## JURY DEMAND

Plaintiffs Jaymie Claxton and Bernette Skipper hereby demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

/s/ Julie M. Goodwin_____
*One of Plaintiff's Attorneys*

Arthur Loevy
Jon Loevy
Julie Goodwin
Cindy Tsai
Loevy & Loevy
312 N. May Street, Suite 100
Chicago, Illinois 60607
(312) 243-5900
(312) 243-5902