UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAYMIE CLAXTON and BERNETTE SKIPPER, | ) ) ) | |
| Plaintiffs, | ) ) | |
| | ) | No. 14 C 10076 |
| v. | ) ) | Judge Sara L. Ellis |
| THE CITY OF CHICAGO, ILLINOIS, CHICAGO POLICE OFFICERS VINCENT RYAN (Star No. 12351), and DAVID ADCOCK (Star No. 6673), | ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This case arises from an October 3, 2014 interaction between Chicago Police Officers Vincent Ryan and David Adcock (the "Officer Defendants") and Plaintiffs Jaymie Claxton and Bernette Skipper. Plaintiffs assert various federal and state law claims against the Officer Defendants and the City of Chicago (the "City"). The City has filed a motion to bifurcate the *Monell* claims against it and to stay discovery and postpone trial on those claims until the resolution of Plaintiffs' claims against the Officer Defendants [31]. The City also asks the Court to enter its proposed "Consent to Entry of Judgment Against Defendant City of Chicago." Plaintiffs oppose both bifurcation and entry of the consent. The City's motion is granted in part and denied in part. The *Monell* claim will be bifurcated from the individual claims and discovery and trial on the *Monell* claim is stayed pending resolution of the claims against the Officer Defendants. The Court declines to enter the consent at this time.

Rule 42(b) allows the Court to bifurcate a trial "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b); *Chlopek v. Fed. Ins. Co.*, 499 F.3d 692, 700

1

(7th Cir. 2007) (bifurcation appropriate if it will "prevent prejudice to a party or promote judicial economy"). "Only one of these criteria need be satisfied for a court to order a separate trial." *Berry v. Deloney*, 28 F.3d 604, 610 (7th Cir. 1994) (quoting *DeWitt, Porter, Huggett v. Kovalic*, 991 F.2d 1243, 1245 (7th Cir. 1993)). The Court has considerable discretion in deciding whether to bifurcate a trial. *Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000).

First, the City argues that bifurcation furthers judicial economy by allowing it to avoid burdensome discovery that may be unnecessary if Plaintiffs cannot establish a constitutional violation. Typically, a plaintiff cannot prevail on a *Monell* claim without first establishing an underlying constitutional violation. *Swanigan v. City of Chicago*, 775 F.3d 953, 962 (7th Cir. 2015) (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799, 106 S. Ct. 1571, 89 L. Ed. 2d 806 (1986)) ("If the plaintiff fails to prove a violation of his constitutional rights in his claim against the individual defendants, there will be no viable *Monell* claim based on the same allegations."). That is the case presented by Plaintiffs here, who are not alleging that the City has a general custom or policy carried out by the Officer Defendants of using excessive force on the basis of race. Instead, Plaintiffs allege that the Officer Defendants used excessive force against them. Their *Monell* claims are premised on allegations that the City allowed excessive force to occur through its policies of: failing to adequately train, supervise and control its officers; failing to adequately find fault, punish and discipline its officers for instances of similar misconduct; and allowing a "code of silence" to exist in the Chicago Police Department. The alleged harm to Plaintiffs was not caused independently by these alleged City policies but rather through the Officer Defendants' actions, and thus the Officer Defendants must first be found liable before the City may be held liable on Plaintiffs' *Monell* claims. *See Veal v. Kachiroubas*, No. 12 C 8342, 2014 WL 321708, at *3 (N.D. Ill. Jan. 29, 2014) ("[E]ven if the absence of policy may be the

2

source of the violation of civil rights, there is no injury to Veal without officer misconduct."); *Taylor v. Kachiroubas*, Nos. 12 C 8321, 12 C 8349, 2013 WL 6050492, at *4 (N.D. Ill. Nov. 15, 2013) ("Here, however, the actions of the individual officers in collecting and fabricating evidence against Sharp and Taylor are the source of the alleged harm to the plaintiffs, and any 'policy' exerted harm through those actions, not independently of them."); *Carr v. City of N. Chicago*, 908 F. Supp. 2d 926, 930 (N.D. Ill. 2012) (excessive force *Monell* claims require finding of underlying constitutional violation); *Castillo v. City of Chicago*, No. 11 C 7359, 2012 WL 1658350, at *4 (N.D. Ill. May 11, 2012) ("Municipal liability arising in the context of an arrest depends on a determination that one or more municipal employees violated the plaintiff's constitutional rights."). To the extent Plaintiffs also allege the City had a policy of failure to train its police officers, the Seventh Circuit has stated that "a municipality cannot be liable under *Monell* [for failure to train] where there is no underlying constitutional violation by a municipal employee." *Sallenger v. City of Springfield, Ill.*, 630 F.3d 499, 504 (7th Cir. 2010).

The City further argues that *Monell* discovery would be particularly burdensome in this case because it would encompass a significant period of time before the alleged incident (reaching back to 2005) and involve witnesses and records from the Independent Police Review Authority, the City Council, the Chicago Police Department, and possibly other agencies. The City asserts that this discovery will be broad, costly, and encompass expert testimony as well. The City further argues that bifurcation will promote judicial economy by limiting the Court's intervention in disputes related to the discovery and shorten and simplify the issues for trial.

Plaintiffs assert that judicial economy would be best served by litigating these claims together and the City has not met its burden to show that this discovery would be unduly costly. However, the Court agrees with the City that the *Monell* discovery in this case will likely be

3

burdensome, as Plaintiffs have requested ten years of information on multiple alleged policies and practices. Furthermore, *Monell* claims will require further time and expense in the form of expert testimony. Plaintiffs state that the Parties have not met and conferred and the discovery requests could likely be narrowed. They also assert that some depositions could address both individual and *Monell* claims, thus eliminating the need to re-take depositions at a later date. However, that these discovery requests may be narrowed—Plaintiffs do not give specifics on how this will be achieved—or overlap with discovery targeted to the Officer Defendants does not significantly undercut the additional burden of time and expense that this expanded realm of discovery will add to the litigation. Plaintiffs assure the Court that it will need to referee discovery disputes on what is or is not *Monell*-related discovery if bifurcation is ordered. If anything, the Parties' seemingly inevitable discovery battles weigh in favor of postponing this discovery and the related motion practice until after individual liability is established.

Second, the City argues that bifurcation will avoid undue prejudice to all Defendants by minimizing the introduction at trial of evidence that applies to one set of Defendants and not the other. The City argues that the Officer Defendants could be prejudiced by the introduction of evidence of non-party officers' actions and that the jury could be misled into applying individual liability evidence against the City. *See Ojeda-Beltran v. Lucio*, No. 07 C 6667, 2008 WL 2782815, at *3 (N.D. Ill. July 16, 2008) (finding risk of prejudice to individual defendants from evidence of non-party officers' actions for *Monell* claim). Plaintiffs argue that any potential prejudice can be counteracted with jury instructions. Plaintiffs further argue that they will suffer prejudice if the jury is not able to hear evidence that the Chicago Police Department had a policy of failing to discipline officers for excessive force and that evidence of policies, practices, and training will be relevant to the reasonableness of the Officer Defendants' actions. The Court is

4

skeptical that Plaintiffs will be able to submit evidence of policies and procedures in their case against the Officer Defendants, *see, e.g.*, *Thompson v. City of Chicago*, 472 F.3d 444, 454 (7th Cir. 2006) (police department's general orders shed no light on reasonableness inquiry), but declines to make evidentiary rulings here. And, while jury instructions may serve to cabin certain evidence, Plaintiffs seem to contemplate the introduction of evidence of non-party officers' actions in support of their *Monell* claims, which would be improper in the individual liability case against the Officer Defendants.[1] *See Veal*, 2014 WL 321708, at *6 ("Presenting evidence to the jury regarding a village-wide policy, practice or custom involving multiple improper police actions poses a danger of undue prejudice to the defendant officers by creating the perception that the police department routinely acts improperly, even if the officers acted properly in this case."); *Demouchette v. Dart*, No. 09 C 6016, 2011 WL 679914, at *10 (N.D. Ill. Feb. 16, 2011) ("Plaintiff's obvious intent to introduce similar evidence of problems at the [Cook County Department of Corrections] leads the Court to conclude that, without bifurcating the *Monell* claims under these facts, the individual defendants could face unusual difficulty in distinguishing their own acts that allegedly violated Plaintiff's constitutional rights from evidence that would be introduced to support claims against the County."); *Lopez v. City of Chicago*, No. 01 C 1823, 2002 WL 335346, at *2 (N.D. Ill. Mar. 1, 2002) ("Without bifurcation, the jury would likely hear evidence against the City of various acts of alleged policy misconduct committed by numerous non-party officers to establish a policy or practice. Such evidence can be prejudicial to the individual defendants."). Also, expert testimony on the *Monell* issue will necessitate a mini-trial on questions not necessary to the resolution of the question in the liability

---

[1] That the Officer Defendants have not joined in the City's motion has no bearing on the Court's prejudice analysis.

5

case: what happened during the alleged excessive force incident. Putting *Monell* issues into play during the trial will make the case more complicated and potentially cause juror confusion.

The Court disagrees that Plaintiffs will suffer any prejudice from the bifurcation of the *Monell* claim. If they prevail on individual liability, Plaintiff may bring this claim at a later date. To stay discovery and trial work on this claim now is simply a way to preserve judicial resources and move the individual liability portion of the trial forward as quickly as possible.

While the Court will bifurcate the *Monell* claim, it declines to enter the City's proposed "Consent to Entry of Judgment Against Defendant City of Chicago," which is opposed by Plaintiffs. *See* Doc. 31, Ex. J. The Consent states that, without admitting any *Monell* liability, the City agrees to the entry of judgment against it for compensatory damages and reasonable attorney's fees if the Officer Defendants are found liable. The Consent further states that the City will be liable even if the Officer Defendants prevail on their qualified immunity defense. The City argues that this Consent saves Plaintiffs the burden of litigating a *Monell* claim and allows them to obtain a judgment for compensatory damages against the City. Plaintiffs oppose the Consent, arguing that their *Monell* claims serve an important public interest, the Consent is procedurally flawed (because it is neither a Rule 16 stipulation agreed to by the Parties nor a Rule 68 offer of judgment), and it gives them nothing more than what they will be entitled to if they prove individual liability, i.e. payment of compensatory damages by the City. The Court agrees that Plaintiffs should have the ability to test their *Monell* claims at the proper time and to enter such a Consent denying those claims would be, at this stage of the case, premature. *See Giles v. Ludwig*, No. 12-cv-6746, 2013 WL 6512683, at *3 (N.D. Ill. Dec. 6, 2013) (acknowledging that other courts in this district have entered similar consents, but declining to do so on the facts of that case).

The City's Motion to Bifurcate is granted in part and denied in part. The Court will not enter the City's requested "Consent to Entry of Judgment." The *Monell* claim will be bifurcated from the claims against the Officer Defendants. Discovery and trial on the *Monell* claim is stayed pending resolution of the individual liability claims.

Dated: September 9, 2015

SARA L. ELLIS
United States District Judge